IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LINCOLN COMPOSITES, INC., | ) | 4:12-CV-3142 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER GOVERNING THE EXCHANGE** |
| v. | ) | **AND USE OF CONFIDENTIAL** |
| | ) | **INFORMATION** |
| FIRETRACE USA, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

On the motion [Document No. 22] dated March 20, 2013 for entry of an order regarding confidentiality of documents and other information, and the Court being advised that confidential information will be produced by various persons and entities in these proceedings, and it appearing that the relief requested is in the best interests of the parties herein, that due and sufficient notice of the motion having been given, and that no further or other notice need to be provided, the Court enters this Order governing the exchange and use of such information.

1.  This Order Governing the Exchange and Use of Confidential Information ("Order") applies to Lincoln Composites, Inc. ("Plaintiff"), Firetrace USA, LLC ("Defendant") and any other person or entity producing or providing documents or other information in connection with these proceedings.

2.  This Order shall govern all documents and other discovery materials and information designated as "Confidential Information" and/or "Attorneys Eyes Only" and produced pursuant to any mandatory disclosure obligations or in response to any formal or informal discovery requests in these proceedings. This Order shall govern, among other things, documents and information produced pursuant to Rules 26, 34 or 45 of the Federal Rules of Civil

Procedure, deposition and/or trial transcripts, all information contained therein, and all copies, excerpts or summaries thereof.

3. A person or entity may designate certain materials and information as "Confidential Information" under this Order if the designating party reasonably believes that such materials and information contain non-public, confidential, technical, proprietary, financial, secret or other commercially sensitive or otherwise private information.

4. A person or entity may designate certain materials and information as "Attorneys Eyes Only" under this Order if the designating party reasonably believes that such materials and information are so confidential that their dissemination should be limited to those persons described in paragraph 9 below. Attorneys Eyes Only Information shall be restricted to Outside Counsel's eyes only, except as set forth in paragraph 8 below. All persons receiving Attorneys Eyes Only Information (but not Outside Counsel or those persons affiliated with the Court) shall be required to execute the undertaking attached hereto as <u>Exhibit A</u> ("Undertaking") before or in conjunction with receiving or reviewing any Attorneys Eyes Only Information.

5. Confidential Information and Attorneys Eyes Only Information (collectively, "Restricted Information") may be used solely for purposes of these proceedings.

6. A person or entity may designate materials and information as Confidential Information or Attorneys Eyes Only by affixing a legend substantially similar to "Confidential" or "Attorneys Eyes Only," respectively, to each page of the document; <u>provided</u> that the inadvertent failure to designate materials or information as Confidential Information or Attorneys Eyes Only Information at the time of production shall not constitute a waiver of such right, and such failure may be remedied by the producing party by notifying the receiving party

of the proper designation, whereupon all materials so re-designated shall be fully subject to the appropriate confidentiality restrictions in this Stipulation.

7. Materials and information designated as "Confidential Information" may be disclosed, summarized, described or otherwise communicated or made available in whole or in part only to the following persons:

(a) Outside counsel who represents any party and is counsel of record in connection with this proceeding, including lawyers, paralegals and support staff in their law firms ("Outside Counsel");

(b) In-house counsel for the parties, as well as those of their employees who are necessary for the prosecution or defense of these proceedings;

(c) Witnesses or deponents and their counsel during the course of, and only to the extent necessary for, the prosecution or defense of these proceedings;

(d) Any outside expert or consultant retained by counsel in connection with these proceedings who is not an employee of the parties, <u>provided that</u> such expert or consultant may use such Restricted Information solely in connection with the prosecution or defense of these proceedings. Any outside expert or consultant receiving Restricted Information (but not those persons affiliated with the Court) shall be required to execute the Undertaking attached hereto as Exhibit "A" before or in conjunction with reviewing any Confidential Information;

(e) Specifically as to a particular document or information designated as Restricted Information, any person indicated on such document as its author, addressee, or a copy recipient, or for whom a party's counsel has a reasonable good-faith belief has had previous lawful access to the Restricted Information;

(f) The Court and its employees, to the extent that such material or information is filed with, or submitted to, the Court in connection with these proceedings (in which case such material or information must be filed under seal), or court reporters or videographers employed in connection with these proceedings; and

(g) Any other person upon further order of the Court or stipulation of the parties.

8. Materials and information designated as "Attorneys Eyes Only" may be disclosed, summarized, described or otherwise communicated or made available by the receiving party in whole or in part only to Outside Counsel, to the Court and its employees (in which case such material shall be filed under seal), court reporters, and experts and consultants retained by Outside Counsel. Provided that, such experts and consultants (a) may use Restricted Information solely in connection with the prosecution or defense of these proceedings, and (b) shall be required to execute the Undertaking attached hereto as Exhibit "A" before or in conjunction with reviewing any Attorneys Eyes Only Information. The parties agree to work together as necessary (as well as with any third party as may be applicable) to agree on further disclosure of Restricted Information designated as "Attorneys Eyes Only"; <u>provided however</u>, that no disclosure shall be made to any other individuals in the absence of agreement by the producing party or an order from the Court. Nothing in this Order shall prevent Outside Counsel from advising their clients about Outside Counsels' impressions, recommendations, strategies, or opinions formed in part based on a review of Attorneys Eyes Only Information, provided that Outside Counsel may not communicate Attorneys Eyes Only Information to clients.

9. The parties will work together to limit the disclosure of any Restricted Information at any public hearing, trial, or other proceeding in connection with these

proceedings. As such, if a receiving party intends to disclose any Restricted Information in such a setting, before making such disclosure, the receiving party shall (a) inform the producing party that it intends to disclose the Restricted Information, and (b) cooperate with the producing party to limit, to the maximum extent possible, the amount of Restricted Information that will be disclosed, if at all, including treatment of the hearing transcript and/or exhibits containing the Restricted Information.

10. All documents of any kind to be filed with the Court, including legal memoranda and any attachments thereto, that contain Restricted Information shall be filed under seal in accordance with the applicable rules of this Court, and may not be disclosed in public court proceedings or otherwise without the prior approval of the producing party or the Court.

11. Counsel for a party receiving Attorneys Eyes Only Information shall, upon written request from the producing party, provide copies of all Undertakings to counsel for the producing party within three (3) days of receiving such written request for same.

12. If a party objects to the designation of any materials or information as "Confidential Information" or "Attorneys Eyes Only," or seeks to disclose such Restricted Information to individuals other than those permitted under this Order as identified in paragraphs 7 and 8, respectively, it shall state the objection and/or request by letter to counsel for the producing party. The parties shall attempt to resolve the dispute among themselves, and if applicable with any third party, in a timely manner. In the absence of such resolution, the receiving party may move the Court for an order challenging such confidentiality designation or restriction, provided however, that such Restricted Information shall continue to be deemed "Confidential Information" or "Attorneys Eyes Only," as designated, and so treated under the terms of this Order, unless and until the Court has entered a final order to the contrary and the

period for appeal of such order has expired, or the producing party agrees in writing to withdraw the confidentiality designation, or agrees to the request for broader disclosure, as applicable.

13. Producing and/or receiving Restricted Information or otherwise complying with the terms and conditions of this Order shall not (a) constitute an admission that any Restricted Information contains or reflects trade secrets or other private or confidential information, (b) prejudice in any way a party's right to object to the production of materials or information, (c) prevent the parties from agreeing to alter or waive the provisions herein with respect to any particular Restricted Information, (d) prejudice in any way a party's right to object to the admissibility, authenticity or use of any Restricted Information, or (e) prejudice in any way the rights of any party to seek further protection or a determination by the Court whether any material or information designated Restricted Information should be subject to this Order.

14. Nothing herein shall impose any restrictions on the use or disclosure by any party of documents or information otherwise designated as Confidential Information or Attorneys Eyes Only that have been obtained lawfully, independently and outside of these proceedings, where (a) such information or documents were or became generally available to the public other than as a result of a disclosure under this Order; (b) the party can reasonably demonstrate that such information or documents were known to it, prior to disclosure under this Order, on terms that do not restrict its further disclosure; or (c) such information or documents become available to the party on a non-confidential basis from a source other than disclosure under this Order, provided that such source is not, to the knowledge of the receiving party, subject to any prohibition against transmitting such information.

15. Nothing herein shall be construed as limiting in any way a party's use of its own Confidential or Attorneys Eyes Only.

*PHX 330675300*

16. Inadvertent disclosure of Restricted Information that is protected from disclosure under attorney-client privilege, work-product immunity, and/or any other applicable privilege or immunity shall not constitute a waiver of, or an estoppel as to any claim of, such privilege or immunity. If a producing party at any time notifies a receiving party in writing that it has inadvertently produced such Restricted Information, the receiving party shall return all copies of such Restricted Information to the producing party within five (5) days of receipt of such notice, and shall not further use such items for any purpose unless authorized to do so by further order of the Court or agreement of the parties. The return of any Restricted Information shall not in any way preclude a party from moving the Court for an order that (a) the Restricted Information was never privileged or otherwise immune from disclosure and/or (b) that any applicable privilege or immunity has been waived by some act other than production of the Restricted Information. Except as expressly set forth in this paragraph regarding return of inadvertently produced Restricted Information which is also protected from disclosure, this Order does not alter or affect the attorney/client privilege, work product protection, or any other applicable privilege.

17. Upon the closing of the case and any appeals thereof, the parties shall, upon request, return any Restricted Information that had been produced (and all copies, summaries and excerpts therefrom), including third party documents, to the producing party or destroy all such Restricted Information, at the receiving party's option. The receiving party will, upon request, provide verification to the producing party that such Restricted Information has been destroyed.

18. In the event that a subpoena, document request or public records request calls for production of Restricted Information, the party receiving the subpoena or other request shall promptly notify counsel for the designating party of the subpoena or other request and shall

cooperate with the designating party to prevent any disclosure to which the designating party has not consented.

19. This Order is entered solely for the purpose of facilitating the exchange of documents and information among parties to this proceeding without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any document or information pursuant to this Order nor any proceeding pursuant to this Order shall be deemed to have the effect of and admission or waiver by any party of any rights or privileges.

March 22, 2013

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

## EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LINCOLN COMPOSITES, INC., | ) | 4:12-CV-3142 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **UNDERTAKING OF** _____ |
| v. | ) | |
| | ) | |
| FIRETRACE USA, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

I _____, being duly sworn, state that:

1. My address is _____.

2. My present employer is _____

3. My present occupation or job description is _____

_____

4. I have received a copy of the Order Governing the Exchange And Use Of Confidential Information (the "Order").

5. I have carefully read and understand the provisions of the Order.

6. I will comply with all of the provisions of the Order.

7. I will hold in confidence, will not disclose to anyone not qualified under the Order, and will use only for purposes of these proceedings any Restricted Information (as defined in the Order) which is disclosed to me.

8. I will return all Restricted Information which comes into my possession, and documents or things which I have received or prepared relating thereto, to counsel for the party

by whom I am employed or retained at the conclusion of my retainer or at the final termination of these proceedings.

9. I hereby submit to the jurisdiction of the United States District Court for the District of Nebraska for the purpose of enforcement of the Order.

                                                (Signature)

                                 By: _____

                               Address: _____